IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:01-CR-109-1H
NO. 5:12-CV-326-H

REGGIE COLIN BLOUNT,

    Petitioner,

v.

UNITED STATES OF AMERICA

    Respondent.

**ORDER**

This matter is before the court on petitioner's motion to vacate pursuant to 28 U.S.C. § 2255. The government responded by filing a motion to dismiss, and petitioner responded.

On March 20, 2002, petitioner pled guilty pursuant to a written plea agreement. On June 25, 2002, the court sentenced petitioner to a term of imprisonment of 624 months. Petitioner did not appeal his conviction or sentence. Therefore, judgment became final on "the date upon which [petitioner] declined to pursue further direct appellate review." United States v. Sanders, 247 F.3d 139, 142 (4th Cir. 2001). Petitioner did not file an appeal, and on June 8, 2012, petitioner filed the instant motion to vacate.

Title 28 U.S.C. § 2255 imposes a one-year statute of limitations on actions filed pursuant to that section. The pertinent text of 28 U.S.C. § 2255 provides that:

> A 1 year limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

As petitioner's judgment became final in 2002, he is well outside the one-year limitation period provided in 28 U.S.C. § 2255(f)(1). In his response, petitioner indicated that he relied upon his counsel's "false representations" regarding the filing of an appeal. However, petitioner provided no evidence whatsoever of such representations. In deference to petitioner's pro se status, the court, by order filed January

2

17, 2013 [DE #84] granted petitioner sixty (60) days to file a supplemental response, detailing the alleged "false representations" from his attorney, including but not limited to copies of any correspondence to or from his attorney, petitioner's efforts to determine whether an appeal had been filed on his behalf, and any legal arguments regarding his petition's timeliness.

More than two years has passed since the filing of that order allowing a supplemental response by plaintiff. A motion to extend time for petitioner to respond was granted on April 2, 2014, allowing petitioner an additional 60 days to file his supplemental response. As of this date, petitioner has not filed any supplemental response.

Because petitioner's motion was filed well beyond the one-year limitation period provided in 28 U.S.C. § 2255(f)(1) and because petitioner has failed to show the court why his motion is timely pursuant to one of the limitations provisions of § 2255 or the doctrine of equitable tolling, the government's motion to dismiss is GRANTED.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss is GRANTED, petitioner's motion to vacate is DENIED, and the clerk is directed to close this case.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). A reasonable jurist would not find this court's dismissal of petitioner's § 2255 motion debatable. Therefore, a certificate of appealability is DENIED.

This 23rd day of March 2015.

/s/ Malcolm J. Howard
Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26

4