IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:01-CR-109-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| REGGIE COLIN BLOUNT, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

On August 11, 2026, Reggie Colin Blount ("Blount" or "petitioner") moved pro se for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 131] and attached exhibits in support. On October 1, 2026, the United States responded in opposition [D.E. 134]. On October 27, 2026, Blount replied [D.E. 135]. As explained below, the court denies Blount's motion for compassionate release.

I.

On March 20, 2002, with a written plea agreement, Blount pleaded guilty to three counts of armed bank robbery and aiding and abetting (counts one, three, and five), one count of brandishing a firearm during and in relation to a crime of violence and aiding and abetting (count two), five counts of armed bank robbery (counts seven, ten, twelve, and criminal information counts one and two), and one count of brandishing a firearm during and in relation to a crime of violence (count eleven). See [D.E. 50].

On June 25, 2002, the court held Blount's sentencing hearing, resolved several objections, and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Sent. Tr. [D.E. 62]; PSR [D.E. 96]; Fed. R. Crim. P. 32(i)(3)(A)–(B). The court calculated Blount's total offense

level to be 36, his criminal history category to be III, and his advisory guideline range to be 235 to 293 months' imprisonment on counts one, three, five, seven, ten, twelve, and criminal information counts one and two, 84 months' consecutive imprisonment on count two, and 300 months' consecutive imprisonment on count eleven. See Sent. Tr. 2–8. After considering the arguments of counsel and all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Blount to 240 months' imprisonment on counts one, three, five, seven, ten, twelve, and criminal information counts one and two, 84 months' consecutive imprisonment on count two, and 300 months' consecutive imprisonment on count eleven for a total of 624 months' imprisonment. See id. at 8–23; [D.E. 57]. Blount did not appeal.

On June 8, 2012, Blount moved to vacate his sentence under 28 U.S.C. § 2255 [D.E. 68]. On July 25, 2012, the United States moved to dismiss Blount's motion to vacate and filed a memorandum in support [D.E. 73, 74]. On August 6, 2012, Blount responded [D.E. 76]. On March 23, 2015, the court granted the government's motion to dismiss and dismissed Blount's motion to vacate [D.E. 91, 92]. Blount did not appeal. On April 5, 2019, Blount moved to reduce his sentence under the First Step Act [D.E. 100]. On April 29, 2020, the court denied Blount's motion [D.E. 105]. Blount did not appeal.

On November 30, 2021, Blount moved for compassionate release under the First Step Act and filed a memorandum in support [D.E. 107, 108]. On December 17, 2021, the United States responded in opposition [D.E. 112]. On March 21, 2022, the court denied Blount's motion [D.E. 114]. On March 24, 2022, Blount appealed [D.E. 115]. On February 2, 2023, the United States Court of Appeals for the Fourth Circuit affirmed the court's order denying relief [D.E. 120, 121].

On May 30, 2025, Blount moved for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 821 of the United States Sentencing Guidelines [D.E. 124]. On June 23, 2025,

probation filed a report concerning Blount's motion for a sentence reduction [D.E. 128]. In that report, the United States opposed Blount's motion [D.E. 128-1], and Blount asked the court to reduce his sentence on counts one, three, five, seven, ten, and twelve and criminal information counts one and two from 240 months' imprisonment to 210 months' imprisonment [D.E. 128-2]. On September 4, 2025, the court denied Blount's motion for a sentence reduction [D.E. 130]. Blount now petitions the court for relief a fourth time [D.E. 131].

II.

A court may reduce a defendant's term of imprisonment if (1) "extraordinary and compelling reasons warrant such a reduction" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison," and the Director of the Bureau of Prisons ("BOP") has determined the defendant is not a danger to another person or the community. 18 U.S.C. § 3582(c)(1)(A); see United States v. Bethea, 54 F.4th 826, 831 (4th Cir. 2022); United States v. Hargrove, 30 F.4th 189, 194 (4th Cir. 2022); United States v. High, 997 F.3d 181, 185–86 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021) (per curiam); United States v. McCoy, 981 F.3d 271, 275–77 (4th Cir. 2020), abrogated on other grounds by Rutherford v. United States, 608 U.S. 454 (2026). A section 3582(c)(1)(A) sentence reduction must comport with the 18 U.S.C. § 3553(a) factors and applicable Sentencing Commission ("Commission") policy statements. See 18 U.S.C. § 3582(c)(1)(A); Hargrove, 30 F.4th at 194.

Before filing a motion under 18 U.S.C. § 3582(c)(1)(A), a defendant must "fully exhaust all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); see United States v. Ferguson, 55 F.4th 262, 268 (4th Cir. 2022). This requirement is nonjurisdictional, and the government waives a defense based

on section 3582(c)(1)(A)'s exhaustion requirements if the government does not timely raise it. See United States v. Muhammad, 16 F.4th 126, 129–30 (4th Cir. 2021).

When considering a defendant's compassionate release motion, the court determines whether extraordinary and compelling circumstances exist and whether, in the court's discretion, those circumstances warrant relief in light of relevant factors in 18 U.S.C. § 3553(a) and applicable Commission policy statements. See United States v. Washington, 161 F.4th 816, 818 (4th Cir. 2025); Hargrove, 30 F.4th at 194–95; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–32. A circumstance is extraordinary when it is "most unusual, far from common, or having little or no precedent." Rutherford, 608 U.S. at 465 (citation and quotations omitted). "Compelling . . . means tending to convince or convert by or as if by forcefulness of evidence." Id. (citation and quotations omitted). Thus, "extraordinary and compelling reasons for compassionate release are those that are especially unusual and convincing." Id. (quotations omitted); see also Fernandez v. United States, 608 U.S. 411, 430 (2026). "That is a demanding standard." Fernandez, 608 U.S. at 422–23.

The Commission policy statement in U.S.S.G. § 1B1.13 applies to a defendant's compassionate release motion. See U.S.S.G. § 1B1.13(a). Section 1B1.13(b) became effective on November 1, 2023, and lists several extraordinary and compelling reasons, including (1) a defendant's medical circumstances; (2) a defendant's age, when coupled with serious physical or mental deterioration due to age and having served 10 years or 75 percent of his or her imprisonment term; (3) a defendant's family circumstances; (4) a defendant who suffered sexual abuse, or physical abuse with serious bodily injury, at the hands of those with custody over the defendant while serving the term of imprisonment sought to be reduced; (5) any other reasons similar in gravity to those described in paragraphs (1) through (4) of the policy statement; or (6) a qualifying change in the law that produces a gross disparity between the defendant's unusually long sentence

being served and the sentence likely to be imposed at the time the motion is filed, after fully considering the defendant's individual circumstances. See U.S.S.G. § 1B1.13(b), invalidated in part by Rutherford, 608 U.S. at 471. A defendant's rehabilitation alone is not an extraordinary or compelling reason, but it "may be considered in combination with other circumstances in determining whether and to what extent a reduction . . . is warranted." U.S.S.G. § 1B1.13(d); see 28 U.S.C. § 994(t); United States v. Davis, 99 F.4th 647, 659 (4th Cir. 2024), abrogated on other grounds by Rutherford, 608 U.S. 454; McCoy, 981 F.3d at 286 n.9. "[A]n extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a" sentence reduction. U.S.S.G. § 1B1.13(e).

III.

Although Blount contends that he "does not seek reconsideration" of the court's previous orders denying relief, Blount argues that he is entitled to compassionate release under section 3582(c)(1)(A)'s broader inquiry. [D.E. 131] 3–4. Blount argues that his current section 3582 petition raises "materially different issues" that constitute extraordinary and compelling reasons for relief. Id. at 4. Blount argues his case presents extraordinary and compelling reasons because of (1) his unusually long sentence and extraordinary sentencing disparity, (2) his rehabilitation, maturity, and post-sentencing growth, (3) his age, reduced recidivism risk, and time served, (4) his medical conditions and heightened institutional health risk, (5) his family hardship, (6) his reentry plan and community support, (7) his reduced public safety risk since the court's previous orders, and (8) the 18 U.S.C. § 3553(a) factors. See id. at 4–11.

A.

In 2002, Blount received a 624-month sentence, which included a mandatory minimum stacked sentence of 25 years' imprisonment to run consecutively with any other sentence. See

PSR ¶¶ 150–51; [D.E. 57]. Blount argues that his stacked sentence is a "regime Congress has since rejected through the First Step Act" and that, "[i]f sentenced today, [ ] Blount would face a substantially lower sentencing exposure." [D.E. 131] 4.

Congress passed the First Step Act in 2018, and the law included numerous nonretroactive changes. See First Step Act, Pub. L. No. 115-391, § 401(c), 132 Stat. at 5221 ("This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment."). One of those nonretroactive changes concerned stacked sentences under 18 U.S.C. § 924(c). See id.

The Supreme Court has explained that, in 18 U.S.C. § 3582(c)(1)(A)(i), "Congress has expressly cabined district courts' discretion by prohibiting a reduction in sentence unless a court finds that 'extraordinary and compelling' reasons warrant it." Rutherford, 608 U.S. at 471. The Supreme Court the held that nonretroactive changes to the penalties for violating 18 U.S.C. § 924(c) are not extraordinary and compelling reasons and invalidated section 1B1.13(b)(6) "to the extent that it counsels otherwise." Id. at 473 (cleaned up).

The alleged disparity between the sentence Blount received in 2002 and the sentence Blount believes he would receive if he were sentenced today is not an extraordinary and compelling reason under 18 U.S.C. § 3582(c)(1)(A)(i). See id. at 455 (characterizing such disparities as "unexceptional feature[s] of a system in which nonretroactivity is the default"); cf. United States v. Johnson, 146 S. Ct. 2718, at *1 (2026) (vacating and remanding, in light of Rutherford and Fernandez, United States v. Johnson, 143 F.4th 212 (4th Cir. 2025), which held that a district court could consider the disparity between a defendant's sentence and the sentences of his codefendants who pleaded guilty and cooperated under the "other reasons" policy statement

in U.S.S.G. § 1B1.13(b)(5)). Thus, Blount fails to demonstrate his sentence is an extraordinary and compelling reason for relief.

B.

Blount argues that his "substantial rehabilitation" while incarcerated, including completing vocational and safety-training programs, maintaining institutional employment, personal growth and accountability, and acknowledging his mixed disciplinary history support the "forward-looking analysis" of the First Step Act. [D.E. 131] 5–6. Blount highlights that he has not had any recent disciplinary infractions while incarcerated, which shows "maturation rather than escalation." Id. at 6.

The court credits Blount for taking these positive steps while being incarcerated, but they are not extraordinary and compelling reasons. Federal prisons have vocational programs, training programs, and certification classes in order to help federal prisoners to rehabilitate. But "rehabilitation alone cannot be considered an extraordinary and compelling reason for release." Davis, 99 F.4th at 659. As for Blount's recent lack of disciplinary infractions, the court expects federal prisoners to incur no infractions during their incarceration. Blount's personal growth also does not warrant relief. See United States v. Fleming, No. 4:95-CR-41, 2025 WL 1582349, at *5 (E.D.N.C. June 4, 2025) (unpublished); United States v. Moore, No. 4:98-CR-13, 2025 WL 978586, at *2 (E.D.N.C. Apr. 1, 2025) (unpublished). Thus, Blount fails to demonstrate his rehabilitation is an extraordinary and compelling reason for relief.

C.

Blount argues that his recidivism risk and likelihood of engaging in violent conduct upon release has "decline[d] substantially" with his age and after two decades in federal prison. [D.E. 131] 6–7. Age presents an extraordinary and compelling reason when the defendant (1) "is at least

65 years old," (2) "is experiencing a serious deterioration in physical or mental health because of the aging process," and (3) "has served at least 10 years or 75 percent of his" prison term, whichever is less. U.S.S.G. § 1B1.13(b)(2).

Blount is 53 years old and has served less than half of his imposed sentence. Blount does not explain how his age causes a "serious deterioration" in Blount's physical or mental health. Blount's age also does not negate Blount's risk of recidivism given the serious criminal conduct for which he is currently imprisoned. Thus, Blount fails to demonstrate his age and time served to be extraordinary and compelling reasons for relief.

D.

Blount suffers from chronic hypertension and argues that institutional confinement exposes him to repeated disease risks in his prison facility. See [D.E. 131] 7. Medical circumstances present an extraordinary and compelling reason when the defendant suffers from a condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he [ ] is not expected to recover," or the "defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." U.S.S.G. § 1B1.13(b)(1)(B)–(C).

Blount's hypertension is not the kind of medical circumstance contemplated in the Commission's policy statement. See Davis, 99 F.4th at 655–56 (affirming the district court's rejection of defendant's arguments that his type two diabetes and hypertension was an extraordinary and compelling reason for relief during the COVID-19 pandemic); Hargrove, 30 F.4th at 195–96; United States v. Thomas, 471 F. Supp. 3d 745, 748–50 (W.D. Va. 2020); [D.E. 135] 1; cf. U.S.S.G. § 1B1.13(b)(1)(A). Blount also does not contend that his hypertension leaves

him unable to care for himself in prison or that he is not receiving necessary medical treatment at his prison facility. See United States v. Usher, No. 5:11-CR-217, 2026 WL 1506835, at *4 (E.D.N.C. May 29, 2026) (unpublished); United States v. Foster, No. 5:20-CR-386, 2026 WL 2925870, at *4 (E.D.N.C. Sept. 29, 2026) (unpublished); United States v. Best, No. 5:19-CR-293, 2025 WL 2585586, at *2–3 (E.D.N.C. Sept. 5, 2025) (unpublished); U.S.S.G. § 1B1.13(b)(1)(C).

As for Blount's disease-outbreak argument, an extraordinary and compelling reason exists when (1) "the defendant is housed at a correctional facility affected or at imminent risk of being affected by . . . an ongoing outbreak of infectious disease, or . . . an ongoing public health emergency declared by the appropriate federal, state, or local authority," (2) "due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency," and (3) "such risk cannot be adequately mitigated in a timely manner." U.S.S.G. § § 1B1.13(b)(1)(D). Blount has not demonstrated any of these factors. Blount also fails to explain how his hypertension would cause severe health complications different from that of the general prison population. See United States v. Brown, 78 F.4th 122, 129 (4th Cir. 2023); United States v. Lentz, 857 F. App'x 733, 733 (4th Cir. 2021) (per curiam) (unpublished); Foster, 2026 WL 2925870 at *4. Thus, Blount fails to demonstrate that his hypertension is an extraordinary and compelling reason for relief.

E.

According to Blount, his mother is currently undergoing cancer treatment and his father suffered injuries after being struck by a vehicle. See [D.E. 31] 8. Blount seeks to assist his aging parents. See id.

Family circumstances present an extraordinary and compelling reason when a defendant is the only available caregiver for their incapacitated child, spouse, or parent, or similar circumstances exist in which the defendant is the only available caregiver. See U.S.S.G. 1B1.13(b)(3). Blount does not argue (much less prove) that either parent is incapacitated or that he is the only available caretaker. See United States v. Williams, No. 7:17-CR-84, 2026 WL 973495, at *3–4 (E.D.N.C. Apr. 10, 2026) (unpublished); United States v. Goodwin, 7:20-CR-5, 2026 WL 1520734, at *3 (E.D.N.C. May 29, 2026) (unpublished). Thus, Blount fails to demonstrate his family circumstances are extraordinary and compelling reasons for relief.

F.

Blount cites his verified release plan, which includes residing with his fiancé in Pennsylvania, and community support as evidence of mitigated risk. See [D.E. 131] 8–9. Blount also contends that the totality of his circumstances demonstrate a "materially reduced risk" of danger to the community and disputes the court's previously expressed concerns about public safety. Id. at 9–10; see [D.E. 114] 7–10; [D.E. 130] 6–7.

The court does not find Blount's release plan to be an extraordinary and compelling reason for relief. None of the circumstances Blount describes to the court, individually or in combination, warrant relief.

G.

Finally, Blount argues that the section 3553(a) factors "weigh in favor of relief." [D.E. 131] 10. In Rutherford, the Supreme Court held that before examining the section 3553(a) factors in connection with a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), "a court must first ensure that a movant is part of the limited class of prisoners who are eligible for such a reduction." 608 U.S. at 470 (cleaned up). "And whether a prisoner is eligible depends on

whether he can offer extraordinary and compelling reasons that 'warrant' compassionate release, not on the [section] 3553(a) factors." Id. (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). "This gatekeeping requirement is not . . . a free-for-all." Id. "It is a distinct analytical step that imposes independent and ascertainable limits on access to compassionate release." Id. Because Blount has not shown extraordinary and compelling reasons for relief, the court denies Blount's motion for compassionate release.

Alternatively, even if Blount showed extraordinary and compelling reasons under 18 U.S.C. § 3582(c)(1)(A)(i) and U.S.S.G. § 1B1.13(b), the section 3553(a) factors counsel against granting Blount's motion. See Concepcion v. United States, 597 U.S. 481, 499–502 (2022); Hargrove, 30 F.4th at 194–95, 198–200; High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32. In evaluating the section 3553(a) factors, the court considers, inter alia, the nature and circumstances of the offense, the history and characteristics of the defendant, a defendant's post sentencing conduct, the need to deter criminal behavior, the need to promote respect for the law, and the need to protect the public. See 18 U.S.C. § 3553(a); Chavez-Meza v. United States, 585 U.S. 109, 115–20 (2018); Pepper v. United States, 562 U.S. 476, 480–81 (2011); Davis, 99 F.4th at 659; United States v. Smith, 75 F.4th 459, 464–66 (4th Cir. 2023); High, 997 F.3d at 187–91; Kibble, 992 F.3d at 329–30; United States v. McDonald, 986 F.3d 402. 410–12 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 395–98 (4th Cir. 2019).

Blount engaged in serious criminal conduct as a "prolific bank robber," stealing over $200,00 from eight banks between 2000 and 2001. Sent. Tr. 8; see PSR ¶¶ 9–21. The robberies became increasingly violent. See Sent. Tr. 9. Blount and his co-conspirators threatened bank employees with guns and threatened to kill them if they did not comply with orders. See PSR ¶¶ 9–21; Sent. Tr. 13–18. After the robberies, Blount and his co-conspirators locked bank

employees in the vault. See PSR ¶¶ 14–15; Sent. Tr. 17–19. Blount was the leader and recruiter for these crimes, and on one occasion, ordered a co-conspirator to pepper spray a bank custodian in the face before locking all employees in the bank vault. See PSR ¶ 14; Sent. Tr. 4–5. Blount's violent criminal history before committing the bank robberies included robbery with a dangerous weapon and assault with intent to murder. See PSR ¶ 33. Blount has a poor record on supervision, including committing the bank robbery offenses for which he is federally incarcerated while on probation. See id.

Blount has taken positive steps during his incarceration, which the court noted in its March 21, 2022 order. See [D.E. 114] 10. In addition to the steps identified in that order, Blount has completed vocational and safety-training programs for which he has obtained some certificates. See [D.E. 131] 5. He has also continually maintained employment. See id. at 6. Although Blount has not incurred recent disciplinary infractions, the court also considers his history of infractions while incarcerated, including two counts of threatening bodily harm, possessing drugs or alcohol, and possessing a hazardous tool (cell phone). See [D.E. 114] 10; cf. United States v. Melton, 761 F. App'x 171, 172–78 (4th Cir. 2019) (per curiam) (unpublished).

The court has considered the entire record, Blount's rehabilitative efforts, age, length of incarceration, medical conditions and family situation, release plan, the exhibits in Blount's motion, the section 3553(a) factors, Blount's arguments, and the United States' response. The court also has considered the need to punish Blount for his relentlessly violent criminal behavior, to incapacitate Blount, to promote respect for the law, to deter others, and to protect society from Blount. Given the entire record, the court denies Blount's motion for compassionate release. See, e.g., Rutherford, 608 U.S. at 465–73; Fernandez, 608 U.S. at 422–30; Concepcion, 597 U.S. at 498–501; Chavez-Meza, 585 U.S. at 117–20; Pepper v. United States, 562 U.S. 476, 480–81

(2011); Washington, 161 F.4th at 820–24; United States v. Centeno-Morales, 90 F.4th 274, 280–82 (4th Cir. 2024); Smith, 75 F.4th at 464–66; United States v. Troy, 64 F.4th 177, 185 (4th Cir. 2023); United States v. Reed, 58 F.4th 816, 821–24 (4th Cir. 2023); United States v. Roane, 51 F.4th 541, 551–52 (4th Cir. 2022); Hargrove, 30 F.4th at 198–200; High, 997 F.3d at 187–91; Kibble, 992 F.3d at 331–32; United States v. Hill, No. 4:13-CR-28, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

III.

In sum, the court DENIES defendant's motion for a sentence reduction [D.E. 131].

SO ORDERED. This 5 day of November, 2026.

JAMES C. DEVER III
United States District Judge